### PEOPLE v. BENT.

(Supreme Court, Appellate Division, Third Department. June 27, 1912.)

1. JURY (§ 29*)—RIGHT TO TRIAL BY JURY—WAIVER—MISDEMEANORS.

   The consent of defendant charged with assault in the third degree to a trial in the Court of Special Sessions of a town by five jurors is a waiver of a jury trial.

   [Ed. Note.—For other cases, see Jury, Cent. Dig. §§ 197–203; Dec. Dig. § 29.*]

2. CRIMINAL LAW (§ 258*)—TRIAL—DETERMINATION BY COURT—SUFFICIENCY.

   Where defendant, on trial for assault in the third degree, waived a jury by consenting to a trial by a jury of five in the Court of Special Sessions of a town, and the record shows that "the court finds the defendant guilty as charged, and in my opinion is not entitled to mercy," does not appear to be in any way based on the conclusion of the jury, and is a sufficient finding by the court to sustain a judgment of conviction.

   [Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 545–561; Dec. Dig. § 258.*]

   Kellogg and Betts, JJ., dissenting.

Appeal from Albany County Court.

Delbert Bent was convicted of assault in the third degree. He appeals. Affirmed.

Argued before SMITH, P. J., and KELLOGG, HOUGHTON, BETTS, and LYON, JJ.

Arthur Helme, of Albany, for appellant.

Rollin B. Sanford, Dist. Atty., of Albany, for the People.

SMITH, P. J. The defendant was arraigned before a justice of the peace of the town of Bethlehem, in the county of Albany, charged with the crime of assault in the third degree. He pleaded not guilty, and elected to be tried by a Court of Special Sessions of said town, and duly demanded a jury trial. He was tried by a jury of five men, he having consented to be tried by such a jury, which rendered a verdict of guilty. Thereupon, as the record shows, "the court finds the defendant guilty as charged, and in my opinion is not entitled to mercy," and the defendant was sentenced to the Albany county jail for a period of 180 days. The County Court affirmed the judgment of conviction, and from that judgment of affirmance the defendant has appealed to this court.

The learned district attorney does not question the rule of law stated by the Court of Appeals in Cancemi v. People, 18 N. Y. 128, to the effect that in case of a felony the defendant cannot consent to a jury of less than 12 men. In that case, however, the Constitution required a jury trial, and the defendant was not authorized to waive a jury trial. It is argued with much force that, if the defendant may waive a jury trial, he may also waive a trial by a full jury of six men. But, whatever might be our judgment upon this question, we are, I think, foreclosed by the case of Germond v. People, reported in 1 Hill, 343. In that case it was held that, notwithstanding a defendant in a Court of

Special Sessions had the right to waive a jury trial, nevertheless he had not the right to consent to be tried by less than six jurors; that by so doing he was consenting to the creation of a tribunal not known to the law for the determination of his guilt. That case arose upon a bond executed by Germond and another in a Court of Special Sessions. The bond was given conditioned that if Germond should pay the costs that had accrued to the said court and constable in the proceedings upon the complaint, amounting to the sum of $11.50, in 30 days after the said trial, then the same should be void. Stevens had been tried before the Court of Special Sessions and a jury of three men by his consent. The jury had acquitted him, and the defense to the bond was that the bond was on that account void. It was held that there had been no trial and acquittal of the defendant pursuant to law, and therefore that the obligors were not liable upon the bond. In the opinion Cowen, J., says:

"In the case at bar, the Special Sessions had complete jurisdiction in regard to the subject-matter, and the person both of the complainant and the defendant; and there is not the least doubt that, the jury being allowed by law to the defendant for his benefit, he may, so far as he is concerned, waive that benefit at any stage of the proceeding before judgment, and submit to a trial by the court. And there is as little doubt that the complainant may accede to such waiver; and then an acquittal by the magistrates themselves may be followed by a certificate to charge him with costs, pursuant to the statute. Here the jury was waived by both parties. I say both parties, because the statute makes the complainant a party to the question of costs. And if, upon the pleadings, we could find enough to warrant us in saying' that the court acquitted Stevens, the certificate, and therefore the bond, were well enough. But I do not see how that can be said. It is true that in such case, six persons and no less being known to the law as a jury, and the parties going on with less, the trial, if one is to be had, necessarily devolved upon the justices. But judicial action at a special sessions is necessary. They must acquit."

[1, 2] Within this authority then a consent to a trial by five jurors was a waiver of a jury, and, if from the proceedings in this case we can find any determination by the Court of Special Sessions, that determination is controlling. This determination seems to be indicated in the return of the court, where, after the verdict of the jury, it is stated, "The court finds the defendant guilty as charged, and in my opinion is not entitled to mercy." This finding by the court does not appear to have been in any way based upon the conclusion of the jury of five, but appears as an independent finding by the court sufficient within the authority cited to sustain a judgment of conviction.

The judgment should therefore be affirmed.

Judgment affirmed. All concur, except KELLOGG, J., dissenting in opinion in which BETTS, J., concurs.

JOHN M. KELLOGG, J. (dissenting). In Germond v. People, 1 Hill, 343, Germond had made complaint and caused the arrest of one Stevens. Stevens was brought to trial and demanded a jury and three jurors were obtained, the other jurors summoned not appearing, and it was then agreed to try the case with a jury of three, and the jury acquitted Stevens. Thereupon the court, as it might do in case of acquittal, made an order requiring Germond, the complainant, to pay

the costs, and he and his surety gave a bond for the payment of the costs, reciting that Stevens was acquitted, and the action was brought to recover upon the bond. The court held that there was no legal acquittal, and therefore no liability upon the bond. The court in discussing the case used the language cited in the prevailing opinion. It also stated:

"Had the replication added that on the pretended verdict being pronounced the court thereupon acted on it as a verdict and pronounced an acquittal, I admit this would have been error merely, and not questionable in a collateral way, but only by certiorari, if questionable at all."

The cases cited are those showing that in a collateral inquiry such matters cannot be reviewed, but can only be reviewed in a direct proceeding for that purpose. I consider that authority controlling here, but for a reversal. In the case at bar the defendant demanded a jury trial, and, but five jurors having been obtained, it was agreed to try the case with a jury of five. This was not a waiver of the jury trial which the defendant had demanded. By demanding a jury trial he showed an unwillingness to be tried before the magistrate. He had the right to object to such a trial, and did object to it by demanding a jury. The magistrate by forming an illegal jury cannot bring a trial before himself without the defendant's consent. The jury heard the case and brought in a verdict of guilty with a recommendation of mercy. The record then continues:

"The court find the defendant guilty as charged, and in my opinion is not entitled to mercy. The sentence of the court is that he be confined in the Albany County Penitentiary for a period of 180 days."

This does not purport to be a decision by the court as to the defendant's guilt and his refusal to receive the verdict, because there was no jury. The jury as a part of the court had pronounced its verdict of guilty. The magistrate stated in substance that the defendant has been found guilty, but he thinks he is not entitled to mercy. The recommendation for mercy was no part of the verdict, and the court was at liberty to disregard it. It is straining a point to say that the magistrate by what took place after the verdict became a trier of the issue, and decided it in place of the jury. There was no trial such as the law contemplated. The remarks in the Germond Case related to a civil action when the judgment was attacked collaterally. This is a criminal action in which the legality of the proceedings are directly brought in review.

I favor the reversal.