THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* HARRISON REYNOLDS, Appellant.

County Court, Chautauqua County, January 18, 1929.

*William S. Stearns,* for the appellant.

*Glenn W. Woodin, District Attorney,* for the respondent.

OTTAWAY, J. Defendant, having been duly arrested and arraigned, pleaded not guilty and demanded a jury trial. On the day set for trial he appeared by counsel and a jury was drawn. When five jurors had been selected and agreed upon, both attorneys, complainant and defendant being present, " consented in open

court to trial of the action by five jurors," and the trial proceeded, the jury returning a verdict of guilty.

Defendant now insists in his brief that there was no consent upon his part to a trial by less than six jurors. However, there has been no motion to correct the return, and having proceeded with and participated in a trial before five jurors without any objection whatsoever, it could not in any event properly be claimed by the defendant that he had done other than consent to such a trial. We must assume, therefore, that this is simply the case of a trial by five jurors with the consent of the defendant.

It is urged by the appellant that such trial and conviction are illegal and that a reversal must result. While it seems highly ridiculous that a defendant may appear in court and consent to or even urge a trial by five jurors when some difficulty is occurring in securing a sufficient jury panel or sufficient talesmen to easily make up a jury of six, and then, having experimented with such jury and having been convicted, urge in an appellate court as a reason for a reversal this very practice which he had consented to or urged as a matter of convenience upon the trial, such undoubtedly is the present state of our law.

This court feels bound by the determination in the case of *People v. Bent* (151 App. Div. 734), decided in the Third Department in 1912, wherein it is held in substance by both those who concur in the prevailing opinion and by the very able justice who dissented, that a trial by five men is a nullity. In the *Bent* case the prevailing opinion was to the effect that the consent to trial by five men was a waiver of a trial by any jury whatsoever and if there were later a clear decision of guilty by the justice of the peace, that would suffice to require an affirmance. The able dissenting opinion differs on the ground that the return found no such independent determination of guilt on the part of the justice. The dissenting opinion also points out that no matter what occurred, there never was a consent that the magistrate himself hear and determine the case, and we cannot help but be much impressed by this view. In the case before us the return of the magistrate cannot by any stretch of the imagination be held to be an independent determination that the defendant was guilty. The magistrate has simply followed in the usual form and with absolute regularity the practice upon the return of a verdict of guilty by a proper jury and does not attempt in any way whatsoever to record a definite determination of guilt by the court alone.

Apparently then there has been an attempted trial by a trier of fact not recognized by our law, to wit, a number of men not constituting a recognized jury. While the procedure of a defendant

who appears and consents to or urges a trial by five jurors may be the subject of scathing rebuke as being in some instances of a highly fraudulent character, nevertheless it seems to be the law of this State that such a trial and conviction may not stand and that a reversal must result.

If a trial could be had before five jurors with the consent of all parties, then in reason there could be no objection to a trial before one individual or even a determination of questions of guilt by arbitration, which, of course, are methods not at all recognized by our criminal procedure.

Judgment should be reversed and a new trial ordered before Louis G. Monroe, justice of the peace of the town of Pomfret. Defendant's demand for jury trial still being of record, jury should be drawn unless the same be expressly waived by the defendant.

Order embodying these conclusions may be prepared and if counsel are unable to agree upon date on which jury shall be drawn the matter may be again submitted to this court for designation of such date.